United States District Court
Southern District of Texas
FILED

JUN 1 3 2014

David J. Bradley, Clerk of Court

United States District Court
Southern District of Texas

Anthony Hood
Princess Williams

Plaintiffs,

Civil Action No.
Trial by jury demand

-against-

14 CV 1665

Fred Caldwell
Asset plus Corp
Houston Police Department

Defendant,

Fair Housing Violation Complaint

Now comes Plaintiff's Anthony Hood and Princess Williams, by and through personal representation and for his/her complaint against Fred Caldwell, Asset Plus Corp, and the Houston Police department which stems from Federal Fair housing Violations. Their complaint against the defendants, allege:

JURISDICTION AND VENUE

1.This is a civil action seeking damages and relief for violations of fair housing law of the United States (42 USC § 3604 - (a) Discrimination in the sale or rental of housing and other prohibited practices). (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling.(c) To represent to any person that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available. Section 818 -To threaten , coerce or intimidate anyone attempting to exercise his/her fair housing rights.

2. This court has jurisdiction under (42 USC § 3604 -a,b,c) ;18 U.S.C. § 241 : US Code - Section 241: Conspiracy against rights; Title 42, U.S.C., Section 3631 Criminal Interference with Right to Fair Housing ; and Title 42, U.S.C., Section 14141 Pattern and Practice.

3. This court has personal jurisdiction over the dependents, and venue in this District is proper under (42 USC § 3604-a,b,c) , ;18 U.S.C. § 241 : US Code – Section 241, Title 42, U.S.C., Section 3631,and Title 42, U.S.C., Section 14141, in that the defendant resides in this district , and the acts of fair housing violation complained occurred in this District.

Parties

4. Plaintiff Anthony Hood is a citizen of the United States and resides in the County of Harris, State of Texas, which is in the judicial district.

5.Plaintiff Princess Williams is a citizen of the United States and resides in the County of Harris, State of Texas, which is in the judicial district.

6. Defendant Tessa Pope , Manager Asset plus Corp. 675 Bering Dr.Suite 200 Houston, Tx . 77057

7. Defendant Courtney Lambert Assistant Manager Asset plus Corp. 675 Bering Dr.Suite 200 Houston, Tx . 77057

8.Defendant Karen Hefner Senior Vice President of multifamily Asset plus Corp. 675 Bering Dr.Suite 200 Houston, Tx . 77057

9. Defendant Houston Police officer /onsite courtesy officer who's hpd badge number is 6715. Asset plus Corp. 675 Bering Dr.Suite 200 Houston, Tx . 77057, Houston Police Department 1200 Travis St.

10. Defendant Fred Caldwell registered agent ,director, and manager who represents Asset plus Corp - TLMF1, LP (owner) & TLMF 1 Group ,LLC ( General Partner). 675 Bering Dr.Suite 200 Houston, Tx . 77057

11. Defendant Houston Police department .1200 Travis Street.Houston Tx.

12. The plaintiff has attached to this complaint a copy of the charges filed on January 4,2013 with the U.S.Department of Housing and Urban Development.

13. On the date of January 4,2012, the plaintiff received a Notice of Right to Sue letter issued by the U.S.Department of Housing and Urban Development; a copy is attached.

## General Allegations

14. In an attempt to maintain property value in the Town Lake subdivision the defendants were systematically steering minorities away from the area with acts of subtle and blatant violations of fair housing laws.

15.On January 19,2012 Princess Williams contacted The Lakeview lofts by phone regarding their floor plans and if they were offering any move-in specials. An Asset Plus Corp employee confirmed that a specific floor plan was available for a certain move-in date and that the management company was running a move-in special of $299.00. After receiving confirmation the plaintiff immediately drove to the complex . After seeing the plaintiffs face to face Ms. Stephanie Cantu a member of the management company rudely denied the availability of the confirmed unit.

16. On January 24,2012 After the plaintiffs mentioned fair housing Ms. Cantu called to informed the plaintiffs that the unit was, available for move in. On January 27,2012 the plaintiffs signed a lease for the originally requested unit. When the plaintiffs asked for a copy of the lease the defendants refused. Several request for a copy of the lease were made with no reply.

17. On February 7,2012 an unknown asset plus employee asked the plaintiff to sign a new lease that would deny the plaintiffs the move in special that was offered to all residents during the month of January.

18.On June 6 , 2012, around 3:00 , three asset management maintenance men and a white male who was later identified as the Lake view lofts owner approached the plaintiff at an offsite storage facility. The "owner" yelled and cursed the plaintiff out alleging that the plaintiff was trespassing. This was untrue because the plaintiff had been renting a unit at the facility for four months.

19. On July 17,2012 Ms. Lambert and man wearing a badge 6715 served the plaintiff with a 3 day vacate notice for nonpayment of rent. They yelled and beat on the door for the plaintiffs to get out. The plaintiffs attempted to show proof that the rent was paid by showing them the canceled check online but they refused to listen . The plaintiff called the management company upset and embarrassed about how the management company tried to force them out by using intimidation through a police officers presence. Karen Hefner told the plaintiffs that the badged man was not a police officer but just a courtesy officer.

20. On July 27,2012 The plaintiff made another request for a copy of the original lease agreement. Karen Hefner came to the apartment to handle the issue. When things on the phone escalated Ms. Hefner and Mrs. Pope came to the plaintiffs home In a very aggressive manor beating on the door. The plaintiffs felt fear and called Harris County Sheriff Office and filed a police report.

21.On July 30,2012 the management company emailed a mutual release form to the plaintiffs. This form was very specific about all the events that had occurred to the plaintiffs since moving into the property, despite maintaining that they knew nothing specific about what was going on at the property.

22.On August 20,2012 Courtney Lambert, Tessa Pope , and HPD officer 6715 approached the plaintiffs. The plaintiffs were in fear because of the incident that occurred on July 17, 2014 so they immediately began requesting for someone to call the police. They yelled this request 13 times over the course of 1 minute , but the badged man, Tessa Pope, nor Courtney Lambert never indicated that we were in fact speaking to an officer. Officer 6715 approached one of the plaintiffs and pulled a gun hidden under his shirt and tried to shoot Anthony Hood. One of the plaintiffs was recording the incident.

23. On August 20,2012 after realizing that one of the plaintiffs was recording HPD officer 6715 turned his gun away from the one plaintiff and put his gun in the face of the second plaintiff demanding that the plaintiff stop recording and give him the video evidence. This request was a violation of the plaintiffs 1st amendment right to record an officer.

24.On August 20,2012 Plaintiff Princess Williams called 911 and several Harris County Sheriff Officers arrive at the apartments. HPD officer 6715 violated the plaintiffs 1st amendment right by telling the Plaintiff in front of a Harris county sheriff that they needed to watch what they said in the future." The Sheriff told the plaintiff that IAD handles problem officers.

25. On August 20,2012 the the plaintiffs went to file a IAD affidavit with the Houston Police Department but the IAD used various tactics to deter the plaintiffs from following through on submitting the report. Hiram J. Vaughu told the plaintiff that he had no record that officer 6715 worked at the Lake-view lofts as an onsite courtesy officer.

26.On August 20,2012 the Houston Police Department was unwilling to take the report that day and put the plaintiffs out of the office two hours before closing.

27. On August 21 , 2012The respondent entered the plaintiffs apartment and left various vacate notices around the the unit in an attempt to intimidate the plaintiffs into leaving the property.

28. On August 22, 2012 at the advice of the Houston fair housing the plaintiffs left the

apartment unit out of fear of continued harassment.

29. On August 22 ,2012 the defendants lawyer Brian Cweren who has close ties to Houston's City Council, HPD and FBI knowingly violated eviction and fair housing laws by sending the plaintiff a threatening email in which he tried to coerce them into dropping all complaints which included the misconduct of a Houston police officer. In an email Brian Cweren asked for the plaintiffs to let the apartment and its workers go their way or he would put an eviction on their record that would make it very difficult to rent in the future.

30. On Sept 7 the Brian Cweren with the help of Tessa Pope followed through with the threats swearing under oath to a judge that the plaintiffs were still living in the unit and put an eviction on both their records.

31. The eviction made it difficult for the plaintiffs to find a residence. The plaintiffs were forced to sleep out of the back of a truck for a period of 7 months. The following events also destroyed the plaintiff's credit causing their score to drop almost 200 points.

32. After filing a IAD report the Houston Police Department did not investigate or address all the pertinent details related to this case. They found no fault when proof was presented and did not investigate details that would have resolved the complaint. The HPD lack transparency as it relates to on duty and off duty police officer rules, procedures, and guidelines.

DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a jury trial on any cause of action and claim with respect to which there is a right to a jury trial.

RELIEF REQUESTED

33. Compensatory damages in the amount of $1,200,000 for the lost of credit which is considered a modern asset, of future employment due to long term damage in credit history, increased rental fees due to drop in credit history, wear and tear on the Chevy that became permanent residence, deformation of character, stress, and mental anguish.

34. Plaintiffs are also requesting that the Houston Police Department establish clear written rules and procedures regarding on duty and off duty police officer and their general treatment towards all Houston residents.

Dated: June 13,2014

Harris County, Texas State

Respectfully Submitted By,

Plaintiff-Princess Williams and Anthony Hood

**U.S. Department Of Housing and Urban Development**
Fort Worth Regional Office of Fair Housing and Equal Opportunity,
Region VI
801 Cherry St., Unit 45, Suite 2500
Fort Worth, TX 76102
Phone 1-888-560-8913 Fax 817-978-5876
www.hud.gov

January 4, 2013

Princess Williams
P. O. Box 681351
Houston, TX 77268

Dear Complainant:

Subject: Housing Discrimination Complaint
Princess Williams v. The Lakeview Lofts
Inquiry No. 353034
HUD Case No. 06-13-0296-8

On 01/04/2013, the U.S. Department of Housing and Urban Development (HUD) accepted your complaint of housing discrimination under the Fair Housing Act (the Act) [42 U.S.C. 3601, et seq.]. Please retain the attached copy of the complaint for your records. This letter refers only to the complaint listed above. HUD will send you separate notice(s) regarding any other complaints you have filed.

HUD has referred your complaint to the Texas Workforce Commission, Civil Rights Division for investigation as required by the Act [42 U.S.C. 3610(f)]. HUD has determined that the fair housing law that the Texas Workforce Commission, Civil Rights Division enforces is substantially equivalent to the Act, and it has the authority to address discrimination within the area where your complaint arose. The Texas Workforce Commission, Civil Rights Division, therefore, will take all further action on this complaint. Please direct any questions you may have about the processing of your complaint, or any additional information that supports it, to that agency. If the Texas Workforce Commission, Civil Rights Division fails to begin processing your complaint within 30 days, HUD may take up your complaint again. Otherwise, HUD will not send you any further correspondence regarding this complaint.

During its investigation of your complaint, the Texas Workforce Commission, Civil Rights Division will attempt to informally resolve the complaint through conciliation. If the parties cannot reach an agreement, the Texas Workforce Commission, Civil Rights Division will complete its investigation and issue a decision on whether there was a violation of the law. If you do not agree with the final decision of the Texas Workforce Commission, Civil Rights Division, you can appeal in accordance with the agency's procedures. You cannot appeal the decision to HUD.

In addition to filing your complaint with the Texas Workforce Commission, Civil Rights Division, you may file a civil lawsuit in Federal district court [42 U.S.C. 3613]. You must file any civil lawsuit no later than two (2) years after the alleged discriminatory housing practice occurred or ended. The time during which the Texas Workforce Commission, Civil Rights Division handles your complaint does not count towards this two-year limit.

Be aware that it is unlawful to coerce, intimidate, threaten, or interfere with a person in the exercise of their rights under the Act [42 U.S.C. 3617]. If you believe that anyone has taken such action against you because you filed a complaint, please report it to the Texas Workforce Commission, Civil Rights Division.

Please keep the Texas Workforce Commission, Civil Rights Division informed of your current address and contact information. If the agency cannot locate you, it cannot continue to process your complaint.

You may contact that agency at the following address.

Jonathan Babiak, Director
Texas Workforce Commission Civil Rights Division
101 East 15th Street, Room 144-T
Austin, Texas 78778
512-463-2642

Sincerely,

Garry L. Sweeney, Director
Fort Worth Regional Office of Fair Housing
and Equal Opportunity, Region VI

Enclosures